HEILMAN ET AL. *v.* WHITSON, GUARDIAN.

[No. 25,925. Filed June 26, 1934.]

*Harry C. Miller* and *O. B. Smith,* for appellants.

*O. W. Nichols* and *William J. Reed,* for appellee.

FANSLER, J.—Appellants filed a petition for the repair of an existing drain under §6196, Burns 1926. Several months later, at another term of court, appellee filed a motion to dismiss the petition, which was sustained, and judgment for costs entered accordingly, which action of the court is assigned as error.

Appellants' petition conforms to the statutory requirements. Petitioners allege that, in order to make the ditch perform the drainage for which it was intended, it should be changed, beginning in the present ditch at or near the southwest corner of section 12, township 32, and that the property affected will be benefited by cleaning, widening, deepening, and increasing the size and capacity of said ditch over the suggested portion.

Appellee filed a motion to dismiss the petition upon the ground that the point for the commencement of the repairs, and deepening, and widening of the ditch, as described in the petition, is within 160 rods of the high-water mark of Bass Lake, a fresh-water lake, containing

over ten acres, and that the present bottom depth of the ditch at that point is now lower than the high-water mark of Bass Lake; that the course of the improvement described passes within less than 160 rods of Round Lake, a fresh-water lake, having an area of more than ten acres, and that the present bottom depth of the ditch at that point is below the high-water mark of Round Lake; that the work proposed will deepen the outlet of Round Lake at a point much less than 240 rods from the shore of the lake; that, therefore, the repairs as proposed are in violation of §6270, Burns 1926 (§27-601, Burns 1933, §5817, Baldwin's 1934), which makes it unlawful to construct a drain within 160 rods of the high-water mark of a fresh-water lake containing more than ten acres, and of §6272, Burns 1926 (§27-603, Burns 1933, §5819, Baldwin's 1934), which makes it unlawful to dredge or lower the outlet of any such fresh-water lake within 240 rods of such lake. The petition to dismiss asserts that the court has no authority to establish a drain that will tend to accomplish such results, and prays that the petition for repairs be dismissed on the ground that the court has no jurisdiction.

Evidence was heard on the motion to dismiss, and the court found "that the petition calls for the commencement of a ditch within less than 160 rods of Bass Lake, a fresh-water lake of the State of Indiana of more than ten acres area, and which is illegal and void; and the Court now sustains the petition (motion) . . . to dismiss the petition and the petition is dismissed at the cost of the petitioners." This finding is followed by a judgment for costs against the petitioners.

The statute under which the petition is drawn provides that the form and contents of the petition, so far as applicable, shall conform to §6167, Burns 1926, which relates to petitions for the original construction of drains; and that the provisions of §6169, relative to

notice, and the hearing of remonstrances, and reference of the petition to the drainage commissioners, so far as applicable, shall apply to the proceeding for repair, change, or extension of the drain. There is a provision in the statute under which the petition is drawn, that no petition shall be denied by reason of the filing of a remonstrance by two-thirds of the landowners named in the petition; and it is provided further that where it is alleged that the drain as originally constructed is not sufficient, and the prayer is to increase the number of tiles, or change the course, or extend the length of the drain, and the court shall find that such drain as originally constructed and as existing is not sufficient, and the proposed changes will probably accomplish proper drainage, and be of public utility, the right granted under §6169, Burns 1926, to remonstrate against and prevent the accomplishment of the repair, change, or extension, is denied. Section 6169, as amended, provides that, when the petitioners shall file their petition in the circuit court, they shall fix a date for docketing, and shall give the owner of each tract of land described in the petition notice thereof not less than twenty days before the date set for docketing, and that upon the giving of such notice the petition shall be docketed as a cause pending. It is further provided that any person named in the petition shall have ten days after such docketing to file with the court any demurrer, or remonstrance, or objection he may have to the form of the petition, or as to why such drainage commissioners or either of them should not act in the matter; that, after the ten days have elapsed, the court shall consider any remonstrance, demurrer, or objection that has been filed, and, if it finds the petition defective, shall dismiss the same unless the same shall be amended within a time fixed by the court. It is further provided that, if no remonstrance shall be filed, and the court deems the

petition sufficient, it shall make an order referring same to the drainage commissioners. It provides that the drainage commissioners shall make personal inspection of the lands described in the petition, and of all other lands likely to be affected by the proposed work; that they shall report whether the proposed work is practicable; whether, when accomplished, it will improve the public health, or benefit any public highway, or be of public utility; and whether the costs, damages, and expenses will be less than the benefits; and that if any of these inquiries be in the negative they shall report the same to the court, and the petition shall be dismissed. But, if they find otherwise, they shall proceed and definitely determine the best and cheapest method of accomplishing the work, the termini and route, location and character of the work, and fix the same by metes and. bounds, courses and distance and description. It is also provided that the drainage commissioners, in locating the line or lines of work of drainage, may vary from the line described in the petition as they deem best, and may fix the beginning or outlet so as to secure the best results; they may run the line so as to avoid all injury possible to lands, easements, or public grounds; and it is provided in the part of the section describing the duties and limitations resting upon the drainage commissioners that such drain shall not be located so close to any lake covering ten acres or more of ground as to lower the water level of the lake, and at no point shall be nearer than forty rods to the high-water mark of such lake.

Section 6174 provides that, upon the filing of the commissioners' report, ten days shall be allowed to any landowner affected to remonstrate against the report for various causes, among which is "that the report of the commissioners is not according to law," and the statute contemplates a hearing of any issue of fact

which arises upon the report and the remonstrances thereto.

Nowhere in the sections referred to is there any provision for a hearing upon any question of fact except as to the qualifications of the drainage commissioners, as provided in §6169, as amended, and the question of whether or not the drain as originally constructed is sufficient and the change will accomplish proper drainage as provided for in §6196, as amended. The hearing on the latter subject is for the purpose of determining the right to remonstrate. The finding of the court indicates that the questions of fact above referred to were not considered or presented under the petition to dismiss, and there was no demurrer, remonstrance, or objection to the form of the petition, or as to why any of the drainage commissioners should not act in the matter. The petition on its face would have been sufficient against any such remonstrance.

There is nothing in the statutory procedure above outlined that contemplates the dismissal of the petition or motion upon the ground that the contemplated improvement is contrary to law. The statute, as we interpret it, contemplates that when a petition is filed that conforms to the statutory requirements, and no objection is made to the drainage commissioners, the petition must be referred to the drainage commissioners, and the court has no discretion in the matter. There is an exception, of course, in case a valid remonstrance is filed, but in the case of a petition to repair or change a drain, the remonstrance must conform to the conditions set out in §6196, *supra*. If a remonstrance was filed under this section, conforming to the provisions of the section, the statute contemplates that the court may hear evidence upon the question of whether the drain as originally constructed, and as existing, is sufficient to properly drain the lands

intended to be drained thereby, and if the court finds not, a remonstrance is of no avail. But no remonstrance was filed in this case.

It is the duty of the drainage commissioners to definitely determine "the best and cheapest method of drainage, the termini and route, location and character of the proposed work;" and the provision in §6169, *supra,* "that such drain shall not be located so close to any lake covering ten acres or more of ground as to lower the water level of the lake, and at no point shall be nearer than forty rods to the high water mark of such lake," is contained in that part of the statute which defines the duties and powers of the drainage commissioners. The clause concerning lakes in this statute has the same purpose as §6270, *supra,* which makes it unlawful to construct a drain having a bottom depth below the high-water line of a lake, within 160 rods of said lake. Section 6196, *supra,* does not require that the petition shall fix the termini of the repairs or changes. It does provide that the form and contents of the petition shall conform, so far as applicable, to the provisions of §6167, *supra.* The latter section requires that the petition "shall state generally the method by which it is believed such drainage can be accomplished in the cheapest and best manner," but it is not contemplated that the petitioners are bound by the suggested manner of accomplishing the improvement, or that the court should hear evidence upon motion to dismiss, and dismiss the petition in the event it is determined that the method suggested in the petition could not be carried out without conflict with some statute. The statute contemplates that the method of accomplishing the desired result shall be determined by the drainage commissioners, and that, if the method recommended in their report is contrary to law, the matter may be referred back to the drainage commis-

sioners for the purpose of permitting them to make a new recommendation in conformity with the law if possible. The very purpose of the drainage law is to promote and make possible the reclaiming and improvement of wet lands, and it is intended that, when a proper petition is filed, questions of fact as to the practicability of the project and method of procedure should be first investigated by disinterested drainage commissioners, and that the court should only try to determine these questions of fact upon the report of the commissioners and the exceptions thereto.

Appellants' petition contained the following allegation: "Your petitioners would further represent and show that the portion of said ditch to be repaired ██ and cleaned as heretofore set forth, as they believe, and the part of said drainage system which is out of repair, should begin by changing the same, beginning in the present Craigmile Ditch, at or near the Southwest corner of Section 12, Township 32 North, Range 2 West, . . ." This allegation constitutes at most a description of the part of the drain needing repair, and a suggested method of making the drain effective. As against the petition to dismiss, the allegations of the complaint to the effect that this established public drain is out of repair and insufficient to properly perform the drainage for which it was designed and intended, must be deemed as true, and the mere fact that the suggested method of accomplishing an improvement in the drain might have resulted in deepening some part of the original drain lying within 160 rods of a lake, or in the widening of an outlet less than 240 rods from the shore of the lake, was not sufficient to divest the court of jurisdiction. The petitioners were entitled to have the matters referred to the drainage commissioners, who, in contemplation of the statute, are men competent to devise methods of drain-

age, and to have the improvement made if it could be done by any lawful method within the statute. If the drainage commissioners found that the proposed improvement is not practicable, or that when accomplished would not improve the public health, or benefit any public highway, or be of public utility, or that the costs, damages, and expenses of effecting the improvement would be more than the benefits to the owners of lands likely to be benefited, the court is required to dismiss the petition at the costs of the petitioners, in which case appellee would not be harmed. But if the drainage commissioners should find otherwise, and the ditch should be repaired, or changed, or improved, appellee's ward could only be assessed to the extent that he is benefited.

Appellee's petition to dismiss is not based upon the ground of injury to the lands of his ward, or upon any personal interest. The interest shown in his petition to dismiss is not greater than that of any other citizen interested in the enforcement of the statute which protects lakes of ten acres or more. The public interest, and the interest of appellee in this respect, can be, and the law contemplates that it will be, protected by the drainage commissioners, and if their report when filed should contemplate a method in violation of the statute referred to, appellee or any other person in interest has a remedy by objection to the report.

Judgment reversed, with instructions to overrule appellee's motion to dismiss the petition, and for further proceedings under the statute not inconsistent with this opinion.